DAVID G. SPIVAK (SBN 179684)
    david@spivaklaw.com
CARL J. KAPLAN (SBN 323019)
    carl@spivaklaw.com
THE SPIVAK LAW FIRM
16530 Ventura Blvd., Suite 203
Encino, CA 91436
Telephone   (818) 582-3086
Facsimile   (818) 582-2561

Attorneys for Plaintiff,
CHRISTINA CASTILLO, and all others similarly situated
(Additional Counsel for Plaintiff on Following Page)

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA CASTILLO, on behalf of herself and all others similarly situated, the State of California, and as an "aggrieved employee" on behalf of other "aggrieved employees" under the Labor Code Private Attorneys General Act of 2004, <br><br> *Plaintiff(s)*, <br><br> vs. <br><br> KUSHAN, LLC, an Illinois limited liability company; MRXI CORPORATION, an Illinois corporation, MAYUR SHAH, an individual, PRITI SHAH, an individual; and DOES 1-50, inclusive, <br><br> *Defendant(s)*. | Case No.: <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR:** <br> 1. Failure to Pay Minimum and Overtime Wages in Violation of the Federal Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 & 207; <br> 2. Failure to Provide Meal and Rest Periods (Lab. Code §§ 226.2, 226.7, 512, and 1198); <br> 3. Failure to Indemnify (Lab. Code §§ 1198 and 2802); <br> 4. Failure to Pay All Wages for All Hours Worked at the Correct Rates of Pay (Lab. Code §§ 226.2, 510, 1194, 1197, and 1198); <br> 5. Failure to Provide Accurate Written Wage Statements (Lab. Code § 226); <br> 6. Waiting Time Penalties (Lab. Code |

1

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

§§ 201-203);

7. Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*); and

8. Civil Penalties (Lab. Code §§ 2698 *et seq.*).

**JURY TRIAL DEMANDED**

## ADDITIONAL ATTORNEY FOR PLAINTIFF

Walter Haines (SBN 71075)
whaines@uelglaw.com
UNITED EMPLOYEES LAW GROUP
5500 Bolsa Ave, Suite 201
Huntington Beach, CA 92649
Telephone:   (562) 256-1047
Facsimile:    (562) 256-1006

*Castillo v. Kushan, LLC, et al.*                                    Complaint

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

Plaintiff CHRISTINA CASTILLO (hereafter "Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this class and representative action based on alleged violations of the California Labor Code, Industrial Welfare Commission Order No. 4-2001 (hereafter "the Wage Order") and the Business and Professions Code against defendants KUSHAN, LLC, an Illinois limited liability company; MRXI CORPORATION, an Illinois corporation; MAYUR SHAH, an individual; PRITI SHAH, an individual; and DOES 1 through 50, inclusive (collectively "Defendants").

2.     As set forth in more detail below, Plaintiff alleges that Defendants are liable to her and other similarly situated current and all individuals currently and formerly employed or contracted with in California as employees paid by the hour or on a piece rate per course taught, or as independent contractors, including but not limited to instructors of veterinary assistant programs, pharmacy technician programs, and individuals in comparable positions, at any time during the period beginning four years prior to the filing of this action to the present, for unpaid wages and other related relief. These claims are based on Defendants' alleged failures to (1) provide all rest and meal periods, (2) indemnify Plaintiff and the below-described Class for reasonable expenses incurred performing their duties, (3) correctly classify Plaintiff and the Class as employees as opposed to independent contractors,  (4) provide accurate written wage statements, (5) timely pay wages upon termination of employment, and (6) fairly compete. Accordingly, Plaintiff now seeks to recover unpaid wages, reimbursement of necessary business expenses, statutory and civil penalties, and related relief through this class action.

## JURISDICTION AND VENUE

3.     This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the claims herein arise under the law of the



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Castillo v. Kushan, LLC, et al.*                                                                Complaint

United States, the FLSA. This court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the claims herein are part of the same case and controversy as the FLSA claims, the state and federal claims derive from a common nucleus of operative fact, the state claims will not substantially dominate over the FLSA claims, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

4.    On information and belief, each Defendant resides, is found, has an agent, and/or transacts business in this judicial district. The acts alleged herein have been carried out within this judicial district and have their effect within this judicial district.

5.    This court may properly maintain personal jurisdiction over Defendants because Defendants' contracts within this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as Defendants are subject to personal jurisdiction in this judicial district, the underlying actions involved in this case occurred in this judicial district, and for the reason that there is no other judicial district in which the action may otherwise be brought.

**PARTIES**

7.    Plaintiff CHRISTINA CASTILLO is a natural person and a resident of the State of California. In or about January of 2018, Defendants first employed Plaintiff to work in California as an instructor for a veterinary assistant program at College of the Desert in Riverside County, California. Plaintiff continuously worked for Defendants from that date until approximately March 6, 2019, when her employment ended. At all relevant times, Plaintiff was an "employee" within the meaning of Title 8 California Code of Regulations Section 11040 and an

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

4

*Castillo v. Kushan, LLC, et al.*                                                                Complaint

"aggrieved employee" within the meaning of Labor Code Section 2699(c).

8.    Defendant KUSHAN, LLC is a limited liability company organized and existing under the laws of Illinois based on Plaintiff's information and belief.

9.    Defendant MRXI CORPORATION is a corporation organized and existing under the laws of Illinois based on Plaintiff's information and belief.

10.    In relevant part, California Labor Code § 558.1 states:

(a)    Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

(b)    For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of § 3294 of the Civil Code.

11.    Based on Plaintiff's information and belief, Defendant MAYUR SHAH and Defendant PRITI SHAH (the "Shah Defendants") are individuals and residents of Illinois. Based on Plaintiff's information and belief, the Shah Defendants owned and operated Kushan, LLC and MRxI Corporation and employed Plaintiff and the Class Members. The Shah Defendants were the "owners," "managing agents," and "officers" of Kushan, LLC and MRxI Corporation. The Shah Defendants directly or indirectly, or through an agent or any other person, employed and exercised control over the wages, hours, or working conditions of Plaintiff and the Class members and caused the violations to the Labor Code and Wage Order described herein. Therefore, the Shah defendants are liable to Plaintiff and the Class for their violations of, or causing Defendants to violate, Labor Code sections 203, 226, 226.7, 1194, 2802, and the Wage Order

5

*Castillo v. Kushan, LLC, et al.*                                    Complaint

pursuant to Labor Code section 558.1.

12.     Plaintiff is ignorant of the true names, capacities, relationships, and extents of participation in the conduct alleged herein, of the defendants sued as DOES 1-50, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

13.     The Class Members are all individuals currently and formerly employed or contracted with by Defendants in California as employees paid by the hour or on a piece rate per course taught, or as independent contractors, including but not limited to instructors of veterinary assistant programs, pharmacy technician programs, and individuals in comparable positions, at any time during the period beginning four years prior to the filing of this action and ending on the date that final judgment is rendered in this action.

14.     Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all Defendants were the agents, employees and/or servants, masters or employers of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

15.     At all relevant times, in perpetrating the acts and omissions alleged herein, Defendants, and each of them, acted pursuant to and in furtherance of a policy, practice, or a lack of a practice which resulted in Defendants not paying Plaintiff and the Class in accordance with applicable California labor laws as alleged herein.

16.     Plaintiff is informed and believes and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or are attributable to, all Defendants, each acting as agents and/or employees, and/or



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Castillo v. Kushan, LLC, et al.*                                                                 Complaint

under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.

## COLLECTIVE AND CLASS ALLEGATIONS

17.    This action has been brought and may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Class members are similarly situated persons and there are common questions of law and fact that predominate over any questions that solely affect individual class members. Class treatment is also superior to all other methods for fairly and efficiently adjudicating this controversy because it will allow a large number of similarly situated persons to both simultaneously and efficiently prosecute their common claims in a single forum without the needless duplication of effort and expense that numerous individual actions would entail. Further, Plaintiff is not aware of any difficulties that are likely to be encountered in the management of this action that would preclude class treatment. Further, this action has been brought and may be maintained as an opt-in collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

18.    **Class Definition:** The classes are defined as follows:

A.    **California Class:** All persons Defendants employed or contracted with in California as employees paid by the hour or on a piece rate per course taught, or as independent contractors, including, but not limited to, instructors of veterinary assistant programs, pharmacy technician programs, and individuals in comparable positions, at any time during the period beginning four years prior to the filing of this action and ending on the date that final judgment is rendered in this action.

B.    **FLSA Class:** All persons Defendants employed in California as employees paid by the hour or on a piece rate per course taught, or as independent contractors, including, but not limited to, instructors of veterinary assistant programs, pharmacy technician programs, and individuals in comparable

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Castillo v. Kushan, LLC, et al.*                                                                 Complaint

positions, at any time during the period beginning three years prior to the filling of this action and ending on the date that final judgment is entered in this action, who file their consents to join this collective action as party plaintiffs pursuant to 29 U.S.C. § 216(b).

19. **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses and/or by limitation to particular issues.

20. **Numerosity:** The Class is so numerous that the joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of the Class, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under Rule 23 and California law.

21. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

A. Whether Defendants failed to provide the Class with all rest periods as required by section 11 of the Wage Order;

B. Whether Defendants failed to provide the Class with all off-duty meal periods as required by section 12 of the Wage Order;

C. Whether Defendants failed to compensate the Class Members at one hour's pay on days when Defendants failed to provide them with one or more meal periods in a workday.

D. Whether Defendants failed to compensate the Class Members at one hour's pay on days when Defendants failed to provide them with one or more off-duty meal periods in a workday;

E. Whether Defendants failed to separately pay Plaintiff and the Class Members for rest and recovery time under Labor Code § 226.2;

F. Whether Defendants failed to indemnify the Class Members for the reasonable expenses they incurred during the course of performing their duties;



**SPIVAK LAW**

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Castillo v. Kushan, LLC, et al.*                                      Complaint

G.      Whether Class Members were employees rather than independent contractors;

H.      Whether Defendants retained sufficient right to control Class Members' work so as to render the Class Members employees under California law;

I.      Whether Defendants' misclassification of Class Members as independent contractors was willful and in violation of California Labor Code § 226.8;

J.      Whether Defendants failed to pay all wages earned to Class Members for all hours worked at the correct rates of pay;

K.      Whether Defendants knowingly and intentionally failed to provide the Class Members with accurate wage statements;

L.      Whether Defendants failed to pay Class Members overtime wages for time worked in excess of 40 hours per week and/or eight hours per day;

M.      Whether Defendants failed to timely pay wages during the Class Members' employment;

N.      Whether Defendants failed to timely pay final wages upon termination of the Class Members' employment;

O.      Whether Defendants engaged in unfair competition within the meaning of Business and Professions Code §§ 17200, *et seq.*, with respect to the Class;

P.      Whether the Class Members are entitled to restitution of money or property that Defendants may have acquired from them through alleged Labor Code violations;

Q.      Whether the Class Members are entitled to prejudgment interest;

R.      Whether Defendants Mayur Shah and Priti Shah are liable under Labor Code section 558.1 for causing the Labor Code violations described



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

herein; and

S.     Are the Class Members entitled to attorneys' fees?

22.     **Typicality:** Plaintiff's claims are typical of the other Class Members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice, or a lack of a policy which resulted in Defendants failing to comply with the FLSA, the California Labor Code, and the Business and Professions Code as alleged herein.

23.     **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that she has no interests that are adverse to, or otherwise in conflict with, the interests of absent class. Plaintiff is dedicated to vigorously prosecuting this action on behalf of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class.

24.     Upon information and belief, Plaintiff and the Class Members were similarly situated, had substantially similar job requirements and pay provisions, and subject to the same unlawful wage and hour policies and practices described herein and would benefit from the issuance of a Court supervised notice of the instant lawsuit and the opportunity to join in the present lawsuit. Plaintiff is pursuing similar claims and is seeking the same form of relief as to other class members.

25.     **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent Class Members, are experienced in class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and the absent Class.

26.     **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of class' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that



**SPIVAK LAW**

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

10

*Castillo v. Kushan, LLC, et al.*                                           Complaint

numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## STATEMENT OF FACTS

27.     In or about January 2018, Defendants first employed Plaintiff as an instructor for a veterinary assistant program at College of the Desert in Riverside County, California. Defendants compensated Plaintiff at times by the course and at other times at an hourly rate. Plaintiff continuously worked for Defendants from that date until approximately March 6, 2019, when her employment ended.

28.     Defendants initially paid Plaintiff at a flat rate per course, which varied from course-to-course. Defendants later informed Plaintiff that they would pay her at a rate of $25.00 per hour. Defendants have at all times paid Plaintiff and the Class Members a flat rate per course, an hourly rate, or a combination of the two.

29.     Defendants failed to pay Plaintiff and the Class Members overtime wages when they worked in excess of eight hours per day, 40 hours per week, or for the first eight hours on the seventh day of work during the same workweek.

30.     During the period in which Plaintiff and the Class Members were paid on a pure or hybrid piece-rate basis, Defendants failed to pay Plaintiff and the Class for nonproductive work time (such as time spent designing curricula or grading student assessments) or for rest and recovery time.

31.     Plaintiff and the Class Members regularly worked in excess of five hours a day without being afforded at least one half-hour meal period in which they were relieved of all duties, as required by California Labor Code §§ 226.7 and 512



**SPIVAK LAW**

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

11

and the Wage Order. At relevant times during the applicable limitations period, Plaintiff and the Class Members were unable to take a timely 30-minute duty-free meal period before they worked in excess of five hours in a workday or with a second off-duty, 30-minute meal period before the end of the then hour they worked. Defendants did not provide any paid administration time or office hours during which Plaintiff and the Class Members could meet with their students. Instead, Defendants expected Plaintiff and the Class Members to make their meal periods available to answer student questions and concerns.

32.     Further, Defendants did not pay Plaintiff and the Class Members one hour of premium wages for each day on which Defendants failed to provide Plaintiff and the Class Members with one or more timely, duty-free, 30-minute meal period at their regular hourly rate of pay.

33.     At relevant times within the applicable limitations period, Defendants failed to provide Plaintiff and the Class Members with paid, uninterrupted, duty-free 10-minute rest periods every hour hours worked or major portion thereof. Defendants also failed to pay Plaintiff and the Class Members premium wages for missed rest periods in violation of California Labor Code § 226.7 and the Wage Order.

34.     Defendants required Plaintiff and the Class Members to incur certain business expenses in the course of performing their duties, including the use of a personal mobile telephone to communicate with Defendants and their students. Defendants also required Plaintiff and the Class Members to purchase teaching materials including but not limited to microscopes, stuffed animals, syringes, color dyes, surgical wrap, muzzles, and bandage supplies (consisting of bed wraps, veterinary slings, Telfa pads, and cast padding). Defendants failed to provide such tools, materials, and/or supplies, and further failed to reimburse Plaintiff and the Class Members for such business expenses.

35.     At relevant times, Defendants misclassified Plaintiff and the other

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Castillo v. Kushan, LLC, et al.*                                        Complaint

Class Members as independent contractors and failed to compensate them for all hours worked at the correct rates of pay, including, but not limited to, overtime wages and for rest and recovery time at the correct rates of pay. Defendants initially informed Plaintiff she was an employee; however, upon termination, Defendants informed Plaintiff that they had classified her as an independent contractor. At all relevant times, Plaintiff and the Class Members were employees of Defendants. Defendants engaged, suffered, and permitted Plaintiff and the Class Members to work and exercised control over their wages, hours, and working conditions. Defendants also controlled the manner and means by which Plaintiff and the Class Members accomplished their duties.

36. In connection with the misclassification, Defendants failed to maintain accurate written employee records pertaining to Plaintiff and the other Class Members, including accurate wage statements itemizing each Class Member's gross wages earned, net wages earned, total hours worked, corresponding number of hours worked at each rate by the Class Member, and other requirements of California Labor Code § 226. Defendants required Plaintiff and the Class Members to submit invoices for payment and did not provide them with any pay checks or pay stubs.

37. Further, Defendants frequently failed to pay Plaintiff and the Class Members in a timely manner, often providing them with paychecks one month or more after the pay period during which the wages were earned. For instance, Plaintiff's employment ended in March of 2019. On March 28, 2019, Plaintiff submitted invoices for work performed during the periods of (1) November 5, 2018 through March 4, 2018 and (2) January 26, 2019 through March 2, 2019. However, Plaintiff did not receive payment on these final invoices until July 30, 2019.

38. At all relevant times, the Shah Defendants were directly involved in the operations of Kushan, LLC and MRxI Corporation. Mayur Shah and Priti Shah were the sole managers of Kushan, LLC. Mayur Shah was the CEO and agent of

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Castillo v. Kushan, LLC, et al.*                                                    Complaint

Kushan, LLC. Priti Shah was the CFO of Kushan, LLC and was responsible for reviewing and approving invoices submitted by Plaintiff and the Class Members. Further, at all relevant times, Mayur Shah was the president, secretary, and agent of MRxI Corporation.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES AND OVERTIME WAGES IN VIOLATION OF THE FLSA

### (29 U.S.C. §§ 206 and 207)

### (By Plaintiff and the FLSA Class against all Defendants)

39.   Plaintiff incorporates all paragraphs of the Complaint as if fully alleged herein.

40.   The Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq., applies to employees in industries engaged in interstate commerce.

41.   At all relevant times, Defendants were "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants employed employees, including Plaintiff.

42.   At all relevant times, Plaintiff and the FLSA Class Members were employees of Defendants covered by the Title 29 United States Code section 203(e)(1) of the FLSA which states that an employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

43.   Plaintiff has consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff's Consent to Become Party Plaintiff.   The contents of Exhibit 1 are incorporated by reference in this complaint. As this case proceeds, it is possible that other individuals will sign consent forms and join as individual plaintiffs asserting individual FLSA claims.



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Castillo v. Kushan, LLC, et al.*                                    Complaint

44.     The FLSA authorizes Plaintiff to bring this action on behalf of herself and the FLSA class members as an opt-in collective action because they are similarly situated employees of Defendants.

45.     Pursuant to 29 U.S.C. § 206(a), Plaintiff and the FLSA Class Members, as defined above, were entitled to receive minimum wages for all hours worked.

46.     Pursuant to 29 U.S.C. § 207, Plaintiff and the FLSA Class Members were entitled to receive overtime wages at a rate of one and one half (1 ½) times their regular rate of pay for any hours worked in excess of 40 hours in a workweek.

47.     To be considered an employee exempt from the FLSA overtime wage requirements, an employee must be paid on a "salary basis." 29 CFR § 541.600(a). An employee is paid on a "salary basis" if he or she receives, on a weekly or less frequent basis, "a predetermined amount" of compensation that is "not subject to reduction because of variations in the quality or quantity of the work performed." 29 CFR § 541.602(a). "If the employee is ready, willing and able to work, deductions may not be made for time when work is not available." See 29 C.F.R. § 541.602(a). At all relevant times, Defendants compensated Plaintiff and FLSA class members with a flat rate per course, an hourly rate, or a combination of the two. As such, Plaintiff and FLSA class members have not been exempt from the overtime provisions of the FLSA.

48.     At all relevant times during the applicable limitations period, Defendants failed to pay Plaintiff and the FLSA Class Members minimum wages for all hours worked and all overtime wages for all overtime periods worked (over 40 hours in a week).

49.     Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants' willful failure to pay Plaintiff and the FLSA Class Members minimum wages and overtime wages for all overtime hours worked in

15

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

accordance with 29 U.S.C. §§ 206 and 207.

50.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

51.    As a result of Defendants' willful and unlawful conduct, Plaintiff and other FLSA Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages and overtime wages for all overtime hours worked.

52.    Pursuant to 29 U.S.C. §§ 206 and 207, Plaintiff, on behalf of herself and the FLSA class members, seeks unpaid wages, declaratory and injunctive relief, monetary damages, liquidated damages, costs of suit, interest, and reasonable attorneys' fees as provided for under 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST BREAKS AND MEAL PERIODS

### (Lab. Code §§ 226.2, 226.7, 512, and 1198)

### (By Plaintiff and the California Class against all Defendants)

53.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

54.    At all relevant times during the applicable limitations period, Plaintiff and the Class Members have been employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 226.7, 512, 1198, and the Wage Order.

55.    In relevant part, California Labor Code § 1198 states:

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

56.    In relevant part, In relevant part, California Labor Code § 512 states:

16



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.

An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

57.   In relevant part, Section 12 of the Wage Order states:

**Rest Periods**

(A)   "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

(B)   If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided."

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Castillo v. Kushan, LLC, et al.*                                      Complaint

58.    In relevant part, Section 11 of the Wage Order states:

**Meal Periods**

(A)    "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employee and the employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

(B)    If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided."

59.    In relevant part, California Labor Code § 226.7 states:

(b)    An employer shall not require an employee to work during a meal or rest period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c)    If an employer fails to provide an employee a meal period or rest period in accordance with a state law, including, but not limited to, an applicable statute or

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

60.     In relevant part, California Labor Code § 226.2 states,

(a) For employees compensated on a piece-rate basis during a pay period, the following shall apply for that pay period:

(1) Employees shall be compensated for rest and recovery periods and other nonproductive time separate from any piece-rate compensation.

…

(3)(A) Employees shall be compensated for other nonproductive time at an hourly rate that is no less than the higher of:

(i) An average hourly rate determined by dividing the total compensation for the workweek, exclusive of compensation for rest and recovery periods and any premium compensation for overtime, by the total hours worked during the workweek, exclusive of rest and recovery periods.

(ii) The applicable minimum wage.

61.     Pursuant to California Labor Code § 512 and the Wage Order, Plaintiff and the Class Members were entitled to uninterrupted meal periods of at least 30 minutes for each day they worked five or more hours. Pursuant to California Labor Code § 512, they were also entitled to a second 30-minute meal period when they worked more than 10 hours in a workday.

62.     Pursuant to the Wage Order, Plaintiff and the Class Members were entitled to be provided with net rest breaks of at least ten minutes for each four-



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

19

*Castillo v. Kushan, LLC, et al.*                                          Complaint

1   hour period of work, or major fraction thereof.

2   63.    Defendants intentionally failed to provide Plaintiff and the Class

3   Members with all required 30-minute duty free meal periods and 10-minute rest

4   periods in accordance with the Wage Order.

5   64.    Defendants also failed to apply for an exemption from California's

6   rest period law.

7   65.    Plaintiff is informed and believes and thereon alleges that, at all

8   relevant times within the applicable limitations period, Defendants had a policy,

9   practice, or a lack of a policy which resulted in Defendants not providing the Class

10  with all off-duty meal periods and rest breaks required by California law.

11  66.    Defendants failed to compensate Plaintiff and the Class Members for

12  the additional wages required by California Labor Code § 226.7 for workdays in

13  which one or more rest periods were not provided, as well as for workdays in which

14  Plaintiff and the Class Members were required to take invalid on-duty meal periods.

15  Defendants also failed to separately pay Plaintiff and the Class members for rest

16  and recovery time under Labor Code § 226.2.

17  67.    Plaintiff is informed and believes and thereon alleges that, at all

18  relevant times, Defendants have maintained a policy, practice, or a lack of a policy

19  which resulted in Defendants' failure to compensate Plaintiff and the Class for all

20  hours worked as required by California law, including, but not limited to all

21  premium wages for missed rest periods and invalid on-duty meal periods they

22  worked.

23  68.    As a result of Defendants' unlawful conduct, Plaintiff and the Class

24  Members have suffered damages in an amount, subject to proof, to the extent they

25  were not paid the full amount of wages earned during each pay period during the

26  applicable limitations period.

27  ///

28  ///



**SPIVAK LAW**

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

### THIRD CAUSE OF ACTION

### FAILURE TO INDEMNIFY

### (Lab. Code §§ 1198 & 2802)

### (By Plaintiff and the California Class against all Defendants)

69.   Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

70.   At all relevant times, Plaintiff and the Class Members have been non-exempt employees of Defendants and entitled to the benefits and protections of the California Labor Code §§ 1198 and 2802 and the Wage Order.

71.   In pertinent part, California Labor Code § 2802(a) states:

> "An employer shall indemnify his or her employee[s] for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties."

72.   Section 9(B) of the Wage Order states:

> When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft.

73.   California Labor Code § 1198 prohibits employers from employing their employees under conditions prohibited by the Wage Order.

74.   At relevant times during the applicable limitations period, Defendants required Plaintiff and the Class Members to incur certain business expenses in the course of performing their duties, such as expenses associated with the purchase of classroom materials and teaching aids as well as the use of personal cell phones to communicate with students and supervisors and others associated with Defendants. Defendants, however, failed to reimburse Plaintiff and the Class Members for these

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

expenses. Defendants also failed to provide the classroom materials, teaching aids, or mobile phones to Plaintiff and the Class Members.

75.   Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants maintained a policy and/or practice, or lack thereof, which resulted in Defendants' failure to indemnify Plaintiff and the Class Members for the reasonable expenses they incurred during the course of performing their duties.

76.   Therefore, pursuant to California Labor Code § 2802(b), Plaintiff and the Class Members are entitled to reimbursement for all necessary expenditures and losses and interest thereon, due and owing to them within four years of the date of the filing of the Complaint until the entry of judgment.

77.   Accordingly, with respect to this cause of action, on behalf of herself and the Class Members, Plaintiff prays for the above stated relief, costs, and all reasonable attorneys' fees pursuant to Labor Code § 2802(c) and as otherwise permitted by law.

## FOURTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES EARNED FOR ALL HOURS WORKED

### (Lab. Code §§ 226.2, 510, 1194, 1197, and 1198)

### (By Plaintiff and the California Class against all Defendants)

78.   Plaintiff incorporates all paragraphs of the Complaint as if fully alleged herein.

79.   At all relevant times, Plaintiff and the Class Members have been non-exempt employees of Defendants and entitled to the benefits and protections of California Labor Code § § 226.2, 510, 1194, 1197, 1198, and the Wage Order.

80.   Section 2 of the Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Castillo v. Kushan, LLC, et al.*                                              Complaint

81. Section 3 of the Wage Order states:

(A) Daily Overtime - General Provisions

(1) The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek.

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

(c) The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one-fortieth (1/40) of the employee's weekly salary.

82. Section 4 of the Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

23

employees are working.

83.   Labor Code § 226.2 states,

(a) For employees compensated on a piece-rate basis during a pay period, the following shall apply for that pay period:

(1) Employees shall be compensated for rest and recovery periods and other nonproductive time separate from any piece-rate compensation.

…

(3)(A) Employees shall be compensated for other nonproductive time at an hourly rate that is no less than the higher of:

(i) An average hourly rate determined by dividing the total compensation for the workweek, exclusive of compensation for rest and recovery periods and any premium compensation for overtime, by the total hours worked during the workweek, exclusive of rest and recovery periods.

(ii) The applicable minimum wage.

84.   Labor Code section 510 states:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Castillo v. Kushan, LLC, et al.*                                                                 Complaint

the amount to be paid to an employee for any hour of overtime work.

85.    California Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum wage required under the applicable Wage Order.

86.    California Labor Code § 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

87.    California Labor Code § 1198 makes it unlawful for an employer to employ an employee under conditions that violate the Wage Order.

88.    In conjunction, these provisions of the California Labor Code require employers to pay non-exempt employees no less than their agreed-upon or statutorily mandated wage rates for all hours worked, including unrecorded hours when the employer knew or reasonably should have known that employees were working during those hours. (*See Morillion v. Royal Packing Co.* (2000) 22 Cal.4th 575, 585.)

89.    At all relevant times, Defendants failed to pay Plaintiff and the Class Members for all hours worked at the correct rates of pay, including, but not limited to, overtime wages for all overtime hours they worked and for rest and recovery periods and other nonproductive time at the correct rates of pay.

90.    Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants maintained a policy and/or practice, or lack thereof, which resulted in Defendants' failure to compensate the Class for all hours worked at the correct rate of pay as required by California law.

91.    As a result of Defendants' unlawful conduct, Plaintiff and the Class Members have suffered damages in an amount, subject to proof, to the extent that they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including minimum, overtime, and double-time

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

wages.

92.     Pursuant to California Labor Code § 1194, Plaintiff, on behalf of herself and Class Members, seeks to recover unpaid regular and minimum wages, liquidated damages, and unpaid overtime and doubletime wages, interest thereon, and awards of reasonable costs and attorneys' fees, as permitted by law, all in amounts subject to proof.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS
### (Lab. Code §§ 226 & 226.2)

### (By Plaintiff and the California Class against all Defendants)

93.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

94.     Pursuant to California Labor Code § 226(a), Plaintiff and the Class Members were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing, among other items, 1) gross wages earned; 2) total hours worked, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission; 3) net wages earned; and 4) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee; and 5) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis.

95.     Pursuant to California Labor Code § 226(e), an employee is deemed to suffer injury if the employer fails to provide a wage statement. Additionally, an employee is deemed to suffer injury if the employer fails to provide accurate and complete information as required by California Labor Code § 226(a) and the employee cannot "promptly and easily determine" from the wage statement alone one or more of the following:



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

26

*Castillo v. Kushan, LLC, et al.*                                        Complaint

A.      The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to California Labor Code § 226(a);

B.      Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period;

C.      The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682 of the California Labor Code, the name and address of the legal entity that secured the services of the employer during the pay period; and

D.      The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

96.     "Promptly and easily determine," as stated in California Labor Code § 226(e), means a reasonable person would be able to readily ascertain the information without reference to other documents or information.

97.     Labor Code § 226.2 states,

(2) The itemized statement required by subdivision (a) of Section 226 shall, in addition to the other items specified in that subdivision, separately state the following, to which the provisions of Section 226 shall also be applicable:

(A) The total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period.

(B) Except for employers paying compensation for other nonproductive time in accordance with paragraph (7), the total hours of other nonproductive time, as determined under paragraph (5), the rate of compensation, and the gross wages for that time during the pay period.

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Castillo v. Kushan, LLC, et al.*                                    Complaint

98.     As alleged herein, and in connection with Defendants failed to provide Plaintiff and the Class Members with any written wage statements. Defendants directed Plaintiff and the Class Members to submit invoices for their work performed, and, based on these invoices, paid Plaintiff and the Class via direct deposit. Accordingly, Defendants have failed to correctly state the total hours of compensable rest and recovery periods, the rate of compensation, the gross wages paid for the pay period, the total courses (pieces) taught, and the total hours of nonproductive time.

99.     Further, by failing to provide written wage statements, Defendants have failed to properly and accurately itemize each employee's gross wages earned, net wages earned, the total hours worked, the corresponding number of hours worked by employees, courses (pieces) taught and other requirements of California Labor Code § 226. As a result, Defendants have violated California Labor Code § 226.

100.    Defendants' failure to provide Plaintiff and the Class Members with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the Class with accurate wage statements but intentionally provided wage statements that Defendants knew were not accurate.

101.    As a result of being provided with inaccurate wage statements by Defendants, Plaintiff and the Class have suffered injury. Their legal rights to receive accurate wage statements were violated and they were misled about the amount of wages they had actually earned and were owed. In addition, the absence of accurate information on their wage statements prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amounts of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records and/or has led to the submission of inaccurate information about wages to state and federal government

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

agencies. Further, Plaintiff and the Class Members were not able to ascertain from the wage statements whether Defendants complied with their obligations under California Labor Code § 226(a).

### SIXTH CAUSE OF ACTION

### WAITING TIME PENALTIES

### (Lab. Code §§ 201-203)

### (By Plaintiff and the California Class against all Defendants)

102.   Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

103.   At all relevant times during the applicable limitations period, Plaintiff and the Class Members have been non-exempt employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 201-203 and the Wage Order.

104.   California Labor Code § 201 provides that all earned and unpaid wages of an employee who is discharged are due and payable immediately at the time of discharge.

105.   California Labor Code § 202 provides that all earned and unpaid wages of an employee who quits after providing at least 72-hours notice before quitting are due and payable at the time of quitting and that all earned and unpaid wages of an employee who quits without providing at least 72-hours notice before quitting are due and payable within 72 hours.

106.   As alleged herein, Defendants paid Plaintiff's final wages more than three months after her final date of employment. Moreover, Defendants failed to pay Plaintiff and the Class all wages owed, including, but not limited to, all wages for rest and recovery periods and other nonproductive time at the correct rates of pay, all premium wages for all rest breaks and/or meal periods that were not provided, and all overtime wages for all overtime periods worked. Accordingly, Defendants failed to timely pay Plaintiff and the Class all earned and unpaid wages



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Castillo v. Kushan, LLC, et al.*                                                                 Complaint

in violation of California Labor Code § 201 or § 202.

107.   Plaintiff is informed and believes that Defendants' failures to timely pay all final wages to her and the Class Members have been willful in that Defendants have the ability to pay final wages in accordance with California Labor Code §§ 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

108.   California Labor Code § 203 provides that the wages of an employee continue on a daily basis as a penalty for up to 30 days where an employer willfully fails to timely pay earned and unpaid wages to the employee in accordance with California Labor Code § 201 or § 202.

109.   Pursuant to California Labor Code § 203, Plaintiff seeks waiting time penalties on behalf of herself and the Class, in amounts subject to proof not to exceed 30 days of waiting time penalties for each Class Member.

<u>**SEVENTH CAUSE OF ACTION**</u>

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200, *et seq.*)**

**(By Plaintiff and the California Class against all Defendants)**

110.   Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

111.   At all relevant times, Plaintiff and the Class Members have been employees of Defendants and entitled to the benefits and protections of the Business and Professions Code §§ 17200, *et seq.*

112.   Defendants engaged in unfair competition, primarily through misclassifying Plaintiff and the other Class Members as independent contractors despite knowing that they were properly considered employees. Defendants exercised control over Plaintiff's and the other Class Members' wages, hours, and working conditions. Defendants further unfairly competed by requiring Plaintiff and the Class Members to incur, without reimbursement, business expenses in the

30

SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

course of performing their duties, such as expenses associated with the purchase of teaching materials as well as the use of their personal mobile phones to communicate with Defendants and with Plaintiff's and the Class Members' students. Moreover, Defendants engaged in unfair competition by failing to pay their employees all wages earned, including, but not limited to, all wages for rest and recovery periods and other nonproductive time at the correct rates of pay, all premium wages for all rest breaks and/or meal periods that were not provided, and all overtime wages for all overtime periods worked.

113.    The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of California Business & Professions Code §§ 17200, et seq. Due to their unfair and unlawful business practices alleged herein, Defendants have unfairly gained a competitive advantage over other comparable companies doing business in California that comply with their legal obligations to, among other things, properly classify their employees, pay their employees premium wages for workdays in which they did not provide employees with one or more meal and rest periods, reimburse their employees for reasonable expense incurred during the course of performing their duties, and pay them all wages earned.

114.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and the Class Members have suffered injuries in fact and have lost money or property. Defendants deprived Plaintiff and the Class Members of all wages for rest and recovery periods and other nonproductive time at the correct rates of pay, all premium wages for all rest breaks and/or meal periods that were not provided, all overtime wages for all overtime periods worked, and reimbursement for expenses that Plaintiff and the other Class Members incurred during the course of performing their duties.

115.    Pursuant to California Business & Professions Code § 17203, Plaintiff and the Class Members are entitled to restitution of all monies rightfully belonging



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Castillo v. Kushan, LLC, et al.*                                                      Complaint

to them that Defendants did not pay them or otherwise retained by means of their unlawful and unfair business practices.

116.   Plaintiff and the Class are entitled to reasonable attorneys' fees in connection with their unfair competition claims pursuant to California Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

117.   Accordingly, with respect to this cause of action, on behalf of herself and the Class, Plaintiff prays for the herein stated relief, and an award of all reasonable costs and attorneys' fees, including interest thereon, as permitted by law, all in amounts subject to proof.

## EIGHTH CAUSE OF ACTION

### CIVIL PENALTIES

**(By Plaintiff as an "Aggrieved Employee" on behalf of other "Aggrieved Employees" against all Defendants)**

118.   Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

119.   Labor Code § 204 states

> (a)     All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

> (b)     (1)     Notwithstanding any other provision of this section, all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.



SPIVAK LAW
Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Castillo v. Kushan, LLC, et al.*                                                    Complaint

(2)    An employer is in compliance with the requirements of subdivision (a) of Section 226 relating to total hours worked by the employee, if hours worked in excess of the normal work period during the current pay period are itemized as corrections on the paystub for the next regular pay period. Any corrections set out in a subsequently issued paystub shall state the inclusive dates of the pay period for which the employer is correcting its initial report of hours worked.

(c)    However, when employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements shall apply to the covered employees.

(d)    The requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period.

120.    Defendants paid wages to employees at regular intervals. Defendants failed to pay Plaintiff on such intervals for all wages earned and all hours worked. On information and belief, Plaintiff alleges that Defendants failed to pay its employees paid by the hour or on a piece rate per course taught, or as independent contractors, including but not limited to instructors of veterinary assistant programs, pharmacy technician programs, and individuals in comparable positions (the "Aggrieved Employees") on such intervals for all wages earned and all hours worked.

121.    During the applicable time period, Defendants violated California Labor Code §§ 201, 202, 203, 204, 226, 226.2, 226.7, 226.8, 510, 512, 1194, 1197, 1198, and 2802.

122.    California Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of themselves and other current or former employees, to bring a civil action to recover civil penalties pursuant to the procedures specified in



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

California Labor Code § 2699.3.

123. Pursuant to California Labor Code §§ 2699(a) and (f), Plaintiff and the Class are entitled to recover civil penalties for each of the Defendants' violations of California Labor Code §§ 201, 202, 203, 204, 226, 226.2, 226.7, 226.8, 510, 512, 1194, 1197, 1198 and 2802 during the applicable limitations period in the following amounts:

A.   For violations of California Labor Code § 204, one hundred dollars ($100.00) for each aggrieved employee for each initial violation and two hundred dollars ($200.00) for each aggrieved employee plus twenty-five percent (25%) of the amount unlawfully withheld from each aggrieved employee for each subsequent, willful or intentional violation (penalty amounts established by California Labor Code § 210).

B.   For violations of California Labor Code § 226(a), two hundred fifty dollars ($250.00) for each aggrieved employee for initial violation and one thousand dollars ($1,000.00) for each aggrieved employee for each subsequent violation (penalty amounts established by California Labor Code § 226.3).

C.   For violations of California Labor Code §§ 510 and 512, fifty dollars ($50.00) for each aggrieved employee for each initial violation and one hundred dollars ($100.00) for each aggrieved employee for each subsequent violation, per pay period in addition to an amount sufficient to recover underpaid wages (penalty amounts established by California Labor Code § 558).

D.   For violations of California Labor Code § 1197, one hundred dollars ($100.00) for each aggrieved employee for each initial and intentional violation and two hundred fifty dollars ($250.00) for each aggrieved employee for each subsequent violation, per pay period (regardless of whether the initial violations were intentionally committed), in addition to an amount sufficient to recover unpaid wages, liquidated damages, and statutory waiting time penalties (penalty amounts established by California Labor Code § 1197.1).



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Castillo v. Kushan, LLC, et al.*                                                      Complaint

E.     For violations of California Labor Code §§ 201, 202, 203, 226.2, 226.7, 1194, 1198, and 2802, one hundred dollars ($100.00) for each aggrieved employee per pay period for each initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation (penalty amounts established by California Labor Code § 2699(f)(2)).

F.     Under California Labor Code § 226.8, a civil penalty of not less than five thousand dollars ($5,000.00) and not more than fifteen thousand dollars ($15,000.00) for each violation against Plaintiff and each Aggrieved Employee, and if the Court finds that Defendants have engaged in a pattern or practice of violation of § 226.8(a), a civil penalty of not less than ten thousand dollars ($10,000.00) and not more than twenty-five thousand dollars ($25,000.00) for each violation.

G.     Additionally, as a result of violations under California Labor Code § 226.8(a), Plaintiff requests that the Court order Defendants to take certain steps to notify employees and the general public of the determination that they have violated § 226.8, pursuant to § 226.8(e).

124.   Plaintiff has complied with the procedures for bringing suit specified in California Labor Code § 2699.3. By letter dated August 9, 2019, Plaintiff filed written notice online with the Labor and Workforce Development Agency ("LWDA") and gave written notice by certified mail to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. A true and correct copy of Plaintiff's written notice to the LWDA dated August 9, 2019 is attached as Exhibit 2. Plaintiff accompanied her LWDA notice with a fee in the amount of $75.00. The LWDA has failed to take action in response within 65 calendar days of the date of Plaintiff's notice, but Plaintiff anticipates that the LWDA will provide written notice to Plaintiff informing her that it does not intend to investigate these allegations.

125.   Pursuant to California Labor Code § 2699(g), Plaintiff and the

35

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

aggrieved employees are entitled to an award of civil penalties, reasonable attorney's fees and costs in connection with their claims for civil penalties.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for relief and judgment against Defendants as follows:

A.    An order that the action be certified as a class and collective action with respect to Plaintiff's claims;

B.    An order that Plaintiff be appointed class representative;

C.    An order that counsel for Plaintiff be appointed class counsel;

D.    Unpaid wages;

E.    Actual damages;

F.    Statutory damages;

G.    Liquidated damages;

H.    Restitution;

I.    Declaratory and injunctive relief requiring Defendants to take certain steps to notify employees and the general public of the determination that they have violated § 226.8, pursuant to § 226.8(e);

J.    Equitable relief;

K.    Statutory penalties;

L.    Civil Penalties;

M.    Pre-judgment and post-judgment interest;

N.    Costs of suit;

O.    Interest;

P.    Reasonable attorneys' fees; and

Q.    Such other relief as the Court deems just and proper.

///

///

///

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Castillo v. Kushan, LLC, et al.*                                      Complaint

1

## DEMAND FOR JURY TRIAL

2      Plaintiff, on behalf of herself and all others similarly situated, hereby

3  demands a jury trial on all issues so triable.

4      Respectfully submitted,

5
                                    THE SPIVAK LAW FIRM
6

7
   Dated: October 25, 2019          By:   /s/ David Spivak
8                                         DAVID SPIVAK
9                                         CARL KAPLAN
                                          Attorneys for Plaintiff, CHRISTINA
10                                        CASTILLO and all others similarly
11                                        situated

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

37

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Blvd., Ste. 203
Encino, CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

# EXHIBIT 1

## CONSENT TO BECOME PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. 216(b)

**I, CHRISTINA CASTILLO, hereby consent to be a party plaintiff** seeking unpaid wages from KUSHAN, LLC, an Illinois limited liability company; MRXI CORPORATION, an Illinois corporation, MAYUR SHAH, an individual, and PRITI SHAH, an individual (collectively "Defendants"). For purposes of pursuing my unpaid wages against Defendants, I choose to be represented by DAVID SPIVAK of THE SPIVAK LAW FIRM and WALTER HAINES of UNITED EMPLOYEES LAW GROUP and other attorneys with whom they may associate.

Date: 10 / 25 / 2019          Signature: _____

Christina Castillo

Printed Name: _____

# EXHIBIT 2



# SPIVAK LAW

**\*SENT BY ELECTRONIC SUBMISSION AND CERTIFIED MAIL\***

August 9, 2019

Attn: PAGA Administrator
Labor and Workforce Development Agency
Attn: PAGA Administrator
http://dir.tflaforms.net
*Via Electronic Submission*

      RE:   *Christina Castillo / Kushan, LLC, et al.*

To whom it may concern:

This notice concerns the following employers:

1.  Kushan, LLC, an Illinois limited liability company;
2.  MRxI Corporation, an Illinois corporation;
3.  Mayur Shah, a natural person (hereafter "Mayur"); and
4.  Priti Shah, a natural person (hereafter "Priti").

Collectively, the aforementioned employers are referred to herein as "Kushan."

Pursuant to the California Labor Code Private Attorneys General Act of 2004 (Lab. Code §§ 2698, *et seq.*), Christina Castillo (hereafter "Castillo") provides notice on behalf of herself and all individuals currently and formerly employed or contracted with in California as hourly employees or independent contractors, including but not limited to instructors of veterinary assistant programs, pharmacy technician programs, and individuals in comparable positions (hereafter "Aggrieved Employees") by Kushan of violations of California Labor Code §§ 201, 202, 203, 204, 226, 226.2, 226.7, 226.8, 510, 512, 558.1, 1194, 1198 and 2802.

16530 VENTURA BLVD., STE 203
ENCINO, CA 91436

TEL (818) 582-3086
FAX (818) 582-2561

SPIVAKLAW.COM

*LWDA / Kushan*
*8/9/2019*
*Page 2 of 26*

At all relevant times, Kushan has employed persons, conducted business in and engaged in illegal payroll practices and policies in California. Castillo and the Aggrieved Employees are "employees" within the meaning of Industrial Welfare Commission Order No. 4-2001 (hereafter the "Wage Order"), paragraph 2.F and "aggrieved employees" within the meaning of California Labor Code § 2699(c).

## Statement of Facts

In or about January of 2018, Kushan first employed Castillo to work in California as an instructor for a veterinary assistant program at College of the Desert in Riverside County, California. Kushan paid Castillo and the Aggrieved Employees at times by the course and at other times by an hourly rate. Castillo continuously worked for Kushan from that date until approximately March 6, 2019, when her employment ended.

Kushan initially paid Castillo at a flat rate per course, which varied from course-to-course. Kushan later informed Castillo that she was to be paid at a rate of $25.00 per hour. Kushan has at all times paid Castillo and the other Aggrieved Employees a flat rate per course, an hourly rate, or a combination of the two.

Kushan failed to pay Castillo and the Aggrieved Employees overtime wages when they worked in excess of eight hours per day, 40 hours per week, or for the first eight hours on the seventh day of work during the same workweek.

Moreover, during the period in which Castillo and the Aggrieved Employees were paid on a pure or hybrid piece-rate basis, Kushan failed to pay Castillo and the Aggrieved Employee for nonproductive work time (such as time spent designing curricula or grading student assessments) or for rest and recovery time.

*LWDA / Kushan*
*8/9/2019*
*Page 3 of 26*

Castillo and the Aggrieved Employees regularly worked in excess of five hours a day without being afforded at least one half-hour meal period in which they were relieved of all duties, as required by California Labor Code §§ 226.7 and 512 and the Wage Order. At relevant times during the applicable limitations period, Castillo and the Aggrieved Employees were unable to take a timely 30-minute duty-free meal period before they worked in excess of five hours in a workday or with a second off-duty, 30-minute meal period before the end of the tenth hour worked. Kushan did not provide any paid administration time or office hours during which Castillo and the Aggrieved Employees could meet with their students. Instead, Kushan expected Castillo and the Aggrieved Employees to make their meal periods available to answer student questions and concerns. Further, Kushan did not pay Castillo and the Aggrieved Employees one hour of premium wages for each day on which it failed to provide them with one or more timely, duty-free, 30-minute meal periods at their regular hourly rate of pay.

Additionally, Kushan only provided Castillo and the Aggrieved Employees with a single, 15-minute rest period when Castillo and the Aggrieved Employees instructed night classes. At all other times within the applicable limitations period, Kushan failed to provide Castillo and the Aggrieved Employees with paid, uninterrupted, duty-free 10-minute rest periods every four hours worked or major portion thereof. Kushan also failed to pay them premium wages for missed rest periods in violation of California Labor Code § 226.7 and the Wage Order.

Kushan required Castillo and the Aggrieved Employees to incur certain business expenses in the course of performing their duties, including microscopes, stuffed animals, syringes, color dyes, surgical wrap, muzzles, and bandage supplies (consisting of bed wraps, veterinary slings, Telfa pads, and cast padding). Kushan further required Castillo and the Aggrieved Employees to use their personal mobile telephones to communicate with Kushan and with their students. Kushan failed to reimburse Castillo and the Aggrieved Employees for such necessary business expenses.

*LWDA / Kushan*
*8/9/2019*
*Page 4 of 26*

At relevant times during the applicable limitations period, Kushan misclassified Castillo and the Aggrieved Employees as independent contractors and failed to compensate them for all hours worked at the correct rates of pay, including, but not limited to, overtime wages and for rest and recovery time at the correct rates of pay. Kushan initially informed Castillo that she was an employee; however, upon termination, Kushan informed Castillo that she had been classified as an independent contractor. At all relevant times, Castillo and the Aggrieved Employees were employees of Kushan. Kushan engaged, suffered, and permitted Castillo and the Aggrieved Employees to work and exercised control over their wages, hours, and working conditions. Kushan also controlled the manner and means by which Castillo and the Aggrieved Employees accomplished their duties.

In connection with the misclassification, Kushan failed to maintain accurate employee records pertaining to Castillo and the Aggrieved Employees, including accurate wage statements itemizing each Aggrieved Employee's gross wages earned, net wages earned, total hours worked, corresponding number of hours worked at each rate by the Aggrieved Employee and other requirements of California Labor Code Section 226. Kushan required Castillo and the Aggrieved Employees to submit invoices for payment and did not provide them with any pay checks or pay stubs.

Further, Kushan frequently failed to pay Castillo and the Aggrieved Employees in a timely manner, often providing them with paychecks one month or more after the pay period during which wages were earned. For instance, Castillo's employment ended in March of 2019. On March 28, 2019, Castillo submitted invoices for work performed during the periods of (1) November 5, 2018 through March 4, 2019, and (2) January 26, 2019 through March 2, 2019. However, she did not receive payment on these final invoices until July 30, 2019.

At all relevant times, Mayur and Priti were directly involved in the operations of Kushan, LLC and MRxI Corporation. Mayur and Priti were the sole managers

*LWDA / Kushan*
*8/9/2019*
*Page 5 of 26*

of Kushan, LLC. Mayur was the CEO and agent of Kushan, LLC. Priti was the CFO of Kushan, LLC, and was responsible for reviewing and approving invoices submitted by Castillo and the Aggrieved Employees. Further, at all relevant times, Mayur was the president, secretary, and agent of MRxI Corporation.

As set forth below, Castillo alleges the following violations of the California Labor Code and the Wage Order on behalf of herself and the Aggrieved Employees:

a) Kushan failed to provide Castillo and the Aggrieved Employees with all off duty meal periods;

b) Kushan failed to provide Castillo and the Aggrieved Employees with all rest periods as required by law;

c) Kushan failed to pay Castillo and the Aggrieved Employees an additional hour's pay for days in which Kushan failed to provide them with one or more meal periods;

d) Kushan failed to pay Castillo and the Aggrieved Employees an additional hour's pay for days in which Kushan failed to provide them with one or more rest periods in a workday;

e) Kushan failed to indemnify Castillo and the Aggrieved Employees for all necessary business expenditures incurred during the discharge of their duties including, but not limited to, the use of a personal mobile telephone to communicate with Kushan and students as well as the purchase of educational supplies and teaching aids;

f) Kushan willfully misclassified Castillo and the Aggrieved Employees as independent contractors;

*LWDA / Kushan*
*8/9/2019*
*Page 6 of 26*

g)   Kushan failed to compensate Castillo and the Aggrieved Employees at the correct rates of pay, including, but not limited to overtime wages and wages for rest and recovery periods and other nonproductive time;

h)   Kushan failed to provide Castillo and the Aggrieved Employees with accurate and complete wage statements;

i)   Kushan failed to timely pay Castillo and the Aggrieved Employees all earned and unpaid wages during employment; and

j)   Kushan failed to timely pay Castillo and those Aggrieved Employees who are former employees all earned and unpaid wages at the time of separation from employment.

Accordingly, Castillo now seeks civil penalties on behalf of herself and the Aggrieved Employees based on Kushan's alleged violations of the California Labor Code and the Wage Order.

## The Wage Order

The Wage Order applies to "all persons employed in professional, technical, clerical, mechanical, and similar occupations whether paid on a time, piece rate, commission, or other basis." § 1. Occupations covered by the terms "professional, technical, clerical, mechanical, and similar occupations" include, but are not limited to, "teachers." § 2(O). At all relevant times during the applicable limitations period, Castillo and the Aggrieved Employees were employed by Kushan and performed the tasks required as teachers. Accordingly, Castillo and the Aggrieved Employees are entitled to the protections provided under the Wage Order.
//
//

*LWDA / Kushan*
*8/9/2019*
*Page 7 of 26*

## Failure to Provide Rest Breaks and Meal Periods
### (Lab. Code §§ 226.7, 512, 558.1, and 1198)

In relevant part, California Labor Code § 1198 states:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

In relevant part, Section 12 of the Wage Order states:

> Rest Periods:

> (A)    Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

> (B)    If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

In relevant part, California Labor Code § 512 states:

*LWDA / Kushan*
*8/9/2019*
*Page 8 of 26*

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no than than six hours, the meal period may be waived by mutual consent of both the employer and employee.

> An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

In relevant part, Section 11 of the Wage Order states:

> Meal Periods:

> (A)  No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

> ...

> (B)  If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

*LWDA / Kushan*
*8/9/2019*
*Page 9 of 26*

California Labor Code § 226.7 states:

    (a)    No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

    (b)    If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided.

Section 17 of the Wage Order states:

    If, in the opinion of the Division after due investigation, it is found that the enforcement of any provision contained in Section 7, Records; Section 12, Rest Periods; Section 13, Change Rooms and Resting Facilities; Section 14, Seats; Section 15, Temperature; or Section 16, Elevators, would not materially affect the welfare or comfort of employees and would work an undue hardship on the employer, exemption may be made at the discretion of the Division. Such exemptions shall be in writing to be effective and may be revoked after reasonable notice is given in writing. Application for exemption shall be made by the employer or by the employee and/or the employee's representative to the Division in writing. A copy of the application shall be posted at the place of employment at the time the application is filed with the division.

In relevant part, California Labor Code § 558.1 states:

    (a)    Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any

provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

(b)     For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of § 3294 of the Civil Code.

At all relevant times herein, Mayur and Priti owned and operated Kushan, LLC and MRxI Corporation and employed Castillo and the Aggrieved Employees. Mayur and Priti were the "owners," "managing agents," and "officers" of Kushan, LLC and MRxI Corporation. Mayur and Priti directly or indirectly, or through an agent or any other person, employed and exercised control over the wages, hours, or working conditions of Castillo and the Aggrieved Employees and caused the violations to the Labor Code and Wage Order described above.

Kushan intentionally failed to provide all rest breaks and/or meal periods free from any work duties to Castillo and the Aggrieved Employees as required by law. Further, Kushan failed to apply for an exemption from California's rest period law. As a result, Kushan violated California Labor Code §§ 226.7, 512 and 1198.

Accordingly, Castillo seeks civil penalties on behalf of herself and the Aggrieved Employees as follows:

1.  $100 for each Aggrieved Employee per pay period in which initial violations of California Labor Code § 226.7 occurred, and $200 for each Aggrieved Employee per pay period in which subsequent violations of § 226.7 occurred (penalties set by California Labor Code § 2699(f)(2));

2. $50 for each Aggrieved Employee per pay period in which initial violations of California Labor Code § 512 occurred in addition to an amount sufficient to recover underpaid wages, and $100 for each Aggrieved Employee per pay period in which subsequent violations of § 512 occurred in addition to an amount sufficient to recover underpaid wages (penalties set by California Labor Code § 558); and

3. $100 for each Aggrieved Employee per pay period in which initial violations of California Labor Code § 1198 occurred, and $200 for each aggrieved employee per pay period in which subsequent violations of § 1198 occurred (penalties set by California Labor Code § 2699(f)(2)).

## Failure to Indemnify for Expenses
### (Lab. Code §§ 558.1 and 2802)

In pertinent part, California Labor Code § 2802(a) states, "An employer shall indemnify his or her employee[s] for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties."

In relevant part, California Labor Code § 558.1 states:

(a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

(b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the

employer, and the term "managing agent' has the same meaning as in subdivision (b) of § 3294 of the Civil Code.

At all relevant times herein, Mayur and Priti owned and operated Kushan, LLC and MRxI Corporation and employed Castillo and the Aggrieved Employees. Mayur and Priti were the "owners," "managing agents," and "officers" of Kushan, LLC. Mayur and Priti directly or indirectly, or through an agent or any other person, employed and exercised control over the wages, hours, or working conditions of Castillo and the Aggrieved Employees and caused the violations to the Labor Code and Wage Order described above.

At all relevant times during the applicable limitations period, Kushan required Castillo and the Aggrieved Employees to incur certain business expenses, including educational supplies and teaching aids. Kushan further required Castillo and the Aggrieved Employees to use personal mobile telephones to communicate with Kushan and with students as a necessary condition of employment. Kushan failed to indemnify Castillo and the Aggrieved Employees for these expenses both during and after their employment ended.

Accordingly, Castillo seeks civil penalties on behalf of herself and the Aggrieved Employees as follows: $100 for each Aggrieved Employee per pay period in which initial violations of California Labor Code § 2802 occurred, and $200 for each Aggrieved Employee per pay period in which subsequent violations of § 2802 occurred (penalties set by California Labor Code § 2699(f)(2)).

### Willful Independent Contractor Misclassification
### (Lab. Code § 226.8)

Labor Code section 226.8 states:

(a)     It is unlawful for any person or employer to engage in any of the following activities:

(1)    Willful misclassification of an individual as an independent contractor.

(2)    Charging an individual who has been willfully misclassified as an independent contractor a fee, or making any deductions from compensation, for any purpose, including for goods, materials, space rental, services, government licenses, repairs, equipment maintenance, or fines arising from the individual's employment where any of the acts described in this paragraph would have violated the law if the individual had not been misclassified.

(b)    If the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a), the person or employer shall be subject to a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law

(c)    If the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a) and the person or employer has engaged in or is engaging in a pattern or practice of these violations, the person or employer shall be subject to a civil penalty of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law.

"Willful misclassification means avoiding employee status for an individual by voluntarily and knowingly misclassifying that individual as an independent contractor." (Lab. Code § 226.8(i)(4).)

At all relevant times, Castillo and the Aggrieved Employees were employees of Kushan. Kushan engaged, suffered, and permitted them to work. Kushan was clearly aware that Castillo and the Aggrieved Employees worked for Kushan and that it had the power to prevent them from working for it. Kushan also exercised control over Castillo's and the Aggrieved Employees' wages, hours, and working conditions. Kushan initially informed Castillo that she was an employee; however, upon termination, she was informed that she had been classified as an independent contractor.

In spite of these facts, Kushan misclassified Castillo and the Aggrieved Employees as independent contractors and has engaged in a pattern and/or practice of so doing. Accordingly, on behalf of herself and the Aggrieved Employees, Castillo seeks civil penalties against Kushan as follows:

1. $25,000 for each Aggrieved Employee for each violation of California Labor Code section 226.8 as part of a pattern or practice in addition to any other penalties or fines permitted by law (penalties set by Labor Code section 226.8(c)); or, alternatively,

2. $15,000 for each Aggrieved Employee for each violation of California Labor Code section 226.8 in addition to any other penalties or fines permitted by law (penalties set by Labor Code section 226.8(b)).

### <u>Failure To Pay All Wages Earned For All Hours Worked</u><br>(Lab. Code §§ 226.2, 510, 558.1, 1194, 1198)

Labor Code § 226.2 states,

> For employees compensated on a piece-rate basis during a pay period, the following shall apply for that pay period:
>
> Employees shall be compensated for rest and recovery periods and other nonproductive time separate from any piece-rate compensation.
> …
> Employees shall be compensated for other nonproductive time at an hourly rate that is no less than the applicable minimum wage.

Lab. Code § 226.2(a)(1), (4).

In relevant part, California Labor Code § 1194 states,

> (a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Under Labor Code § 1197, "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

Labor Code § 1198 makes it unlawful for an employer to employ an employee under conditions that violate the Wage Order.

In relevant part, § 3 of the Wage Order states,

> (A) Daily Overtime - General Provisions
>
> > (1) The following overtime provisions are applicable to

*LWDA / Kushan*
*8/9/2019*
*Page 16 of 26*

employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek.

In relevant part, California Labor Code § 510 states,

Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

In relevant part, California Labor Code § 558.1 states:

    (a)    Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

    (b)    For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent' has the same meaning as in subdivision (b) of § 3294 of the Civil Code.

At all relevant times herein, Mayur and Priti owned and operated Kushan, LLC and MRxI Corporation and employed Castillo and the Aggrieved Employees. Mayur and Priti were the "owners," "managing agents," and "officers" of Kushan, LLC and MRxI Corporation. Mayur and Priti directly or indirectly, or through an agent or any other person, employed and exercised control over the wages, hours, or working conditions of Castillo and the Aggrieved Employees and caused the violations to the Labor Code and Wage Order described above.

Employers must compensate nonexempt employees for all work whether or not it is scheduled or recorded if the employers knew or should have known that the employees were working those hours. *Morillion v. Royal Packing Co.*, 22 Cal.4th 575, 585 (2000).

At all relevant times during the applicable limitations period, Kushan failed to compensate Castillo and the Aggrieved Employees for all hours worked at the correct rates of pay, including, but not limited to overtime wages for all overtime

*LWDA / Kushan*
*8/9/2019*
*Page 18 of 26*

hours they worked and for rest and recovery periods and other nonproductive time at the correct rates of pay.

Accordingly, Castillo seeks civil penalties on behalf of herself and the Aggrieved Employees as follows:

1. $50 for each Aggrieved Employee for each initial violation of California Labor Code § 510, and $100 for each Aggrieved Employee for each subsequent violation, per pay period in addition to an amount sufficient to recover underpaid wages (penalties set by California Labor Code Section 558);

2. $100 for each Aggrieved Employee for each initial violation of California Labor Code §§ 226.2(a)(1) and (4), and $200 for each Aggrieved Employee for each subsequent violation, per pay period (penalties set by California Labor Code § 2699(f)(2)).

3. $100 for each Aggrieved Employee for each initial violation of California Labor Code § 1198, and $200 for each Aggrieved Employee for each subsequent violation, per pay period (penalties set by California Labor Code § 2699(f)(2)); and

4. $100 for each Aggrieved Employee for each initial violation of California Labor Code § 1194, and $200 for each Aggrieved Employee for each subsequent violation, per pay period (penalties set by California Labor Code § 2699(f)(2)).

5. $100 for each underpaid hourly employee for each initial violation of California Labor Code § 1197, and $250 for each underpaid employee for each subsequent violation per pay period (regardless of whether the initial violations were intentionally committed), in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to §

*LWDA / Kushan*
*8/9/2019*
*Page 19 of 26*

1194.2, and any applicable penalties imposed pursuant to § 203, including waiting time penalties (penalties set by California Labor Code § 1197.1).

## Failure To Provide Accurate Wage Statements
## (Lab. Code §§ 226, 226.2, 558.1)

California Labor Code § 226 require employers to furnish employees with accurate itemized written wage statements showing:

1) gross wages earned,
2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,
3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,
5) net wages earned,
6) the inclusive dates of the period for which the employee is paid,
7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,
8) the name and address of the legal entity that is the employer, and
9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

Labor Code § 226.2 states,

For employees compensated on a piece-rate basis during a pay period, the following shall apply for that pay period:

> The itemized statement required by subdivision (a) of Section 226 shall, in addition to the other items specified in that subdivision, separately state the following, to which the provisions of Section 226 shall also be applicable:
>
>> The total hours or compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period.
>>
>> Except for employers paying compensation for other nonproductive time in accordance with paragraph (7), the total hours of other nonproductive time, as determined under paragraph (5), the rate of compensation, and the gross wages paid for that time during the pay period.

Lab. Code § 226.2(a)(2).

As alleged herein, Kushan failed to provide Castillo and the Aggrieved Employees with any written wage statements. Kushan directed Castillo and the Aggrieved Employees to submit invoices for their work performed, and, based on these invoices, paid Castillo and the Aggrieved Employees via direct deposit. Accordingly, Kushan has failed to correctly state the total hours of compensable rest and recovery periods, the rate of compensation, the gross wages paid for the pay period, and the total hours of nonproductive time.

Further, by failing to provide written wage statements, Kushan has failed to properly and accurately itemize each employee's gross wages earned, net wages earned, the corresponding number of hours worked at each rate by the employee, and other requirements of California Labor Code § 226. As a result, Kushan has violated California Labor Code § 226.

*LWDA / Kushan*
*8/9/2019*
*Page 21 of 26*

In relevant part, California Labor Code § 558.1 states:

(a)   Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

(b)   For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent' has the same meaning as in subdivision (b) of § 3294 of the Civil Code.

At all relevant times herein, Mayur and Priti owned and operated Kushan, LLC and MRxI Corporation and employed Castillo and the Aggrieved Employees. Mayur and Priti were the "owners," "managing agents," and "officers" of Kushan, LLC and MRxI Corporation. Mayur and Priti directly or indirectly, or through an agent or any other person, employed and exercised control over the wages, hours, or working conditions of Castillo and the Aggrieved Employees and caused the violations to the Labor Code and Wage Order described above.

Accordingly, Castillo seeks civil penalties on behalf of herself and the Aggrieved Employees as follows:

1.   $100 for each Aggrieved Employee for each initial violation of California Labor Code § 1198, and $200 for each Aggrieved Employee for each subsequent violation (penalties set by California Labor Code § 2699(f)(2));

*LWDA / Kushan*
*8/9/2019*
*Page 22 of 26*

2. $250 for each Aggrieved Employee for each initial violation of California Labor Code § 226(a), and $1,000 for each Aggrieved Employee for each subsequent violation (penalties set by California Labor Code § 226.3); and

3. $100 for each Aggrieved Employee for each initial violation of Labor Code § 226.2, and $200 for each Aggrieved Employee for each subsequent violation, per pay period (penalties set by California Labor Code § 2699(f)(2)).

## **Failure to Timely Pay Wages During Employment**
### **(Lab. Code § 204)**

California Labor Code § 204 states all wages (other than those mentioned in Labor Code sections 201–202) earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. In addition, all wages for work performed in excess of the normal work period must be paid by no later than the following regular payday.

As alleged herein, Kushan consistently failed to pay Castillo and the Aggrieved Employees in a timely manner, often remitting payment one month or more after Castillo and the Aggrieved Employees submitted invoices for work performed. Further, Kushan failed to pay Castillo and the Aggrieved Employees for all wages earned for rest and recovery time, work during meal periods, all premium wages for unprovided meal periods and unauthorized rest periods, and all overtime wages for all overtime periods worked. As a result, Kushan failed to pay Castillo and the Aggrieved Employees all wages within the time periods set by California Labor Code § 204. As a result, Kushan has violated California Labor Code § 204.

*LWDA / Kushan*
*8/9/2019*
*Page 23 of 26*

Accordingly, Castillo seeks civil penalties on behalf of herself and the Aggrieved Employees as follows: $100 for each Aggrieved Employee per pay period in which initial violations of California Labor Code § 204 occurred, and $200 for each Aggrieved Employee, plus 25% of the amount unlawfully withheld from each Aggrieved Employee, per pay period in which subsequent violations of § 204 occurred (penalties set by Labor Code § 210).

## Failure to Timely Pay Wages After Separation of Employment
### (Lab. Code § § 201-203 and 558.1)

Under California Labor Code § 201, if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. Under California Labor Code § 202, if an employee, not having a written contract for a definite period, quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a seventy-two (72) hour notice shall be entitled to receive payment by mail if he or she so requests at a designated mailing address. *Id.* The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within seventy-two (72) hours of the notice of quitting. *Id.*

Under California Labor Code § 203, if an employer willfully fails to timely pay in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

In relevant part, California Labor Code § 558.1 states:

(a)     Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

(b)     For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of § 3294 of the Civil Code.

At all relevant times herein, Mayur and Priti owned and operated Kushan, LLC and MRxI Corporation and employed Castillo and the Aggrieved Employees. Mayur and Priti were the "owners," "managing agents," and "officers" of Kushan, LLC and MRxI Corporation. Mayur and Priti directly or indirectly, or through an agent or any other person, employed and exercised control over the wages, hours, or working conditions of Castillo and the Aggrieved Employees and caused the violations to the Labor Code and Wage Order described above.

As alleged herein, Kushan paid Castillo's final wages more than three months after her final date of employment. Moreover, Kushan failed to provide Castillo and the Aggrieved Employees all wages owed including, but not limited to, all wages for rest and recovery periods and other nonproductive time at the correct rates of pay, all premium wages for all rest breaks and/or meal periods that were not provided, and all overtime wages for all overtime periods worked. As a result, Kushan failed to pay Castillo and the Aggrieved Employees all wages within the time periods set by California Labor Code §§ 201, 202 and 203. As a result, Kushan has violated California Labor Code §§ 201, 202 and 203.

*LWDA / Kushan*
*8/9/2019*
*Page 25 of 26*

Accordingly, Castillo seeks civil penalties on behalf of herself and the Aggrieved Employees as follows: $100 for each Aggrieved Employee per pay period in which initial violations of California Labor Code §§ 201, 202 and 203 occurred, and $200 for each aggrieved employee per pay period in which subsequent violations occurred (penalties set by California Labor Code § 2699(f)(2)).

## Conclusion

As noted above, this letter constitutes the required notice under the California Labor Code Private Attorneys General Act of 2004. Please be advised that I will seek both reasonable attorneys' fees and costs under Labor Code section 2699, subdivision (g)(1) in a civil action should the LWDA decline to pursue this matter. This letter also serves as a formal notice under the catalyst theory and Code of Civil Procedure section 1021.5 to resolve this matter before litigation.

Sincerely,

David Spivak, Esq.
david@spivaklaw.com

cc:      Christina Castillo
         Walter Haines, Esq.

         Kushan, LLC
         c/o Ros M. Lockwood, Esq.
         Burkhalter Kessler Clement & George LLP
         2020 Main Street, Suite 600
         Irvine, CA 92614
         rlockwood@bkcglaw.com

         MRxI Corporation
         c/o Ros M. Lockwood, Esq.
         Burkhalter Kessler Clement & George LLP

*LWDA / Kushan*
*8/9/2019*
*Page 26 of 26*

2020 Main Street, Suite 600
Irvine, CA 92614
rlockwood@bkcglaw.com

Mayur Shah
c/o Ros M. Lockwood, Esq.
Burkhalter Kessler Clement & George LLP
2020 Main Street, Suite 600
Irvine, CA 92614
rlockwood@bkcglaw.com

Priti Shah
c/o Ros M. Lockwood, Esq.
Burkhalter Kessler Clement & George LLP
2020 Main Street, Suite 600
Irvine, CA 92614
rlockwood@bkcglaw.com